**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FRANK A. PUTZU,[1]
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-0752-13-5887-I-1

DATE: September 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Frank A. Putzu, Alexandria, Virginia, pro se.

Linda L. Tiller, John D. Norquist and Jeffrey A. Epstein, Esquire,
    Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation, *NAVSEA v. Department of the Navy*, MSPB Docket No. DC-0752-14-0646-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order, which provides additional support for the administrative judge's finding that the appellant did not qualify for an exception to the furlough, and clarifies that the burden is on the agency to prove "cause" for the action, we AFFIRM the initial decision.

¶2    After a hearing, the administrative judge held that the agency proved that it had to make significant spending cuts because of sequestration[3] and that the furlough helped the agency avoid a deficit.  *NAVSEA v. Department of the Navy*, MSPB Docket No. DC-0752-14-0646-I-1, Consolidation Appeal File (CAF), Tab 19, Initial Decision (ID) at 15-16.  The administrative judge also found that the furlough was a reasonable management solution to the financial issues facing the agency and promoted the efficiency of the service.  ID at 16.  In this regard, the administrative judge rejected the arguments that the agency could have taken other measures to avoid the furlough, the budget cuts did not affect the ability of the Department of the Navy (Navy) to protect national security, and funds could not be reprogrammed, finding that these arguments were based on spending

---

[3] The term "sequestration" refers to the cancellation of budgetary resources provided by discretionary appropriations or direct spending law.  *See Salo v. Department of Defense*, 122 M.S.P.R. 417, ¶ 2 (2015).

matters within the agency's sound discretion.  *Id.*  The administrative judge also held that the agency imposed the furloughs uniformly.  *Id.*

¶3        The administrative judge held that, although the appellant asserted that he should have been exempt from the furlough under an exemption for "Shipyard Workers, Nuclear and Naval Reactors Staff," *see* CAF, Tab 2; *see also* Department of the Navy Administrative Record for FY 2013 Furlough Appeals, Tab 12 at 105, 108-09, *available at* http://www.mspb.gov/furloughappeals/navy 2013.htm, because he serves as Counsel for the Office of Naval Reactors and was therefore a member of the Naval Reactors staff, the appellant was actually an employee of the Naval Sea Systems Command's (NAVSEA's) Office of General Counsel (OGC), not the Office of Naval Reactors, which was one of his clients, ID at 18-19.  The administrative judge further concluded that the appellants did not prove harmful error or a violation of their due process rights.  ID at 19-20.

¶4        The appellant contends on review that the agency initially identified his position as having met the criteria for an exception to the furlough, testimony and his position description show that he qualified for the exception as "Naval Reactors Staff," the term "staff" does not only mean "employee," and there is nothing improper or unusual for a Navy employee to be on the staff of different Navy organizations.  Petition for Review (PFR) File, Tab 1 at 7, 10-11, 17.  The appellant asserts that "he is an employee of the Department of the Navy, a member of OGC, paid from funds apportioned to NAVSEA (the same as Navy employees assigned to NAVSEA 08), and works on the staff of Naval Reactors."  *Id*. at 17.  The agency asserts that the evidence shows that the appellant was not an employee of the Office of Naval Reactors.  PFR File, Tab 3 at 8.

¶5        An agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service."  5 U.S.C. §§ 7512(5), 7513(a).  The concept of "cause" in the context of a furlough appeal encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough.  *Dye v. Department of the*

*Army*, [121 M.S.P.R. 142](#), ¶ 9 (2014).  The agency has the burden of proof on this issue.  *Id.*, ¶¶ 9-10; *see In re Tinker AFSC/DP v. Department of the Air Force*, [121 M.S.P.R. 385](#), ¶¶ 14-15 (2014).  Here, the administrative judge correctly found that the agency met its burden of proof by preponderant evidence.[4]

¶6      In a May 14, 2013 memorandum, the Secretary of Defense set forth a list of Department of Defense (DOD) Furlough Exceptions that included, for the Navy, 1,657 individuals identified only as "Shipyard Workers, Nuclear and Naval Reactors Staff."  Department of the Navy Administrative Record for FY 2013 Furlough Appeals, Tab 12 at 105, 108-09.

¶7      The appellant's position description indicates that his position of "Counsel, Naval Reactors," exists within the Navy's OGC (first subdivision), Counsel, NAVSEA (second subdivision), Office of Counsel (third subdivision).  Initial Appeal File (IAF), Tab 2 at 12.  The position description further notes that the position is "within the Office of Counsel, Naval Sea Systems Command," and that the NAVSEA Office of Counsel is responsible for providing legal advice, services and representation, and giving necessary legal approvals, opinions, and interpretations to NAVSEA and its field activities, affiliated Program Executive Officers, Direct Reporting Program Managers, and the Director, Naval Reactors. *Id.* at 13.  In addition, the position description provides that the appellant's position "is a Section Head within the NAVSEA Office of Counsel, and the primary legal subject matter expert and a senior advisor to the Director, Naval Reactors."  *Id.* at 14.  The appellant testified that his performance appraisals, at least in part, as well as any disciplinary actions that would be taken against him, were to be acted upon by individuals within OGC, not Naval Reactors.  Hearing Transcript (HT) at 111-13.  He also testified that he considered Naval Reactors to

---

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  [5 C.F.R. § 1201.56](#)(c)(2).

be his client in his capacity as an attorney. HT at 113-14. The fact that the appellant's position officially exists within OGC, not within Naval Reactors, and provides legal advice, services, and representation to Naval Reactors, as well as the involvement of OGC in matters affecting the appellant's employment, all support the administrative judge's determination that the appellant's position falls within the staff of OGC, rather than "Naval Reactors Staff."

¶8    In addition, the deciding official, who was the Executive Director of NAVSEA, testified in a separate Board appeal that he interpreted the phrase "Naval Reactors Staff" in the May 14, 2013 Secretary of Defense memorandum as referring to the "C08 Headquarters department, of which I was not the deciding official for those employees," which referred to Naval Reactors. IAF, Tab 10 at 9, 12-13 (transcript pages 7-8, 21-22). He testified in the instant appeal that an employee is either "bureaucratically coded" in Naval Reactors or not so coded. HT at 53. He also testified that the appellant's position was "a NAVSEA position with counsel being assigned by NAVSEA to" Naval Reactors, and that the appellant's position was an "OOL code," while employees in Naval Reactors had an "08 code." HT at 62-63. OOL is NAVSEA's legal department, which is not a part of 08, which in turn refers to Naval Nuclear Propulsion. HT at 78-79. The deciding official testified that, because the appellant was not a NAVSEA 08 employee, the Deputy Director, Naval Reactors, did not have the authority to advocate for an exemption for the appellant from the furlough. HT at 188-90.

¶9    The Deputy Director, Naval Reactors, testified that, when Naval Reactors had initially recommended that the appellant be excepted from the furlough, it was arguing for NAVSEA "on their behalf," and that he believed he had the authority to take that position on behalf of NAVSEA. IAF, Tab 15 at 13 (transcript page 31). He also indicated, however, that there was no guidance provided to him specifically indicating that he could seek a waiver or attempt to seek a waiver for the appellant. *Id*. at 28 (transcript page 91).

¶10    Further, in a June 19, 2013 email from NAVSEA to the Deputy Director, Naval Reactors, in response to his request for an opinion regarding the term "Naval Reactors Staff," NAVSEA indicated that the term referred to the 106 positions at headquarters that were identified in an attached exemption request for Naval Reactor employees. IAF, Tab 15 at 50. The email provides:

> The Furlough exemption request was submitted by NR [Naval Reactors] on 6 March 2013 and endorsed by the VCNO [Vice Chief, Naval Operations] on 21 March. The request was for 1,657 NR employees; 1,551 at the four shipyards, and 106 at NR headquarters. The request regarding the HQ employees consisted of 103 Nuclear Engineers, 1 Logistics Management Specialist, 1 Health Physicist, and 1 Operations Manager. On 14 May 2013, SECDEF issued a memorandum directing DoD activities to prepare for furlough. The memorandum contains an attachment specifying the final dispositions on furlough exemptions. The only language in the attachment relative to this issue is the exemption of 1,657 "Shipyard Workers, Nuclear and Naval Reactors Staff." Presumably these are the same 1,657 employees listed in the Navy's March furlough exemption request. Shipyard Workers refers to the 1,551 NR Shipyard employees; Naval Reactors Staff refers to the 106 exempted employees at NR HQ.
>
> I conferred with . . . [the] Assistant General Counsel for M&RA [Manpower & Reserve Affairs]. He concurs that Naval Reactor Staff refers to the 106 employees identified in the exemption request.

*Id*. All of this evidence further supports the administrative judge's finding that the appellant did not fall within the exception for "Naval Reactors Staff."

¶11    Even assuming, however, that the Counsel, Naval Reactors position was a part of "Naval Reactors Staff" for purposes of the furlough exception, the record reflects that Naval Reactors determined, before the issuance of the Secretary of Defense's May 14, 2013 memorandum and the start of the furloughs, that the appellant's position would not be included among the 106 exceptions from Naval Reactors headquarters. As suggested by the email quoted above, before the issuance of the May 14, 2013 memorandum from the Secretary of Defense setting forth the exceptions from the furlough, Naval Reactors requested on March 21, 2013, from the Office of the Secretary of Defense and had approved by DOD only

106 exceptions from the furlough for Naval Reactors Headquarters employees, including 102 Nuclear Engineers, 1 Information Technology Specialist, 1 Health Physicist, 1 Logistics Management Specialist, and 1 Operations Manager; this did not include the position of Counsel, Naval Reactors, which was eliminated from the request because the position was not critical to responding to a nuclear emergency.  CAF, Tab 8 at 20-31, 40-46. The Deputy Director, Naval Reactors, testified in a deposition that, after Naval Reactors made a recommendation for exemptions from the furlough that included the appellant, "we got some feedback from someone in leadership that came back and requested that the number be reduced [from 121] again [to] those folks only responsible for life and safety requirements and work on a recallable basis."  IAF, Tab 15 at 13, 17 (transcript pages 31, 46-47).  He testified that the "waiver exception folks never worked to our criteria," but instead "had their own set of criteria which was very specific to life and safety issues," and that "I don't think anyone within the secretariat ever agreed with our three criteria as being something on which to base the waiver." *Id*. at 17 (transcript pages 47, 49).  He further testified that he, along with several other individuals, edited the list of 121 employees down to 106, eliminating the appellant's position based on guidance received indicating that Naval Reactors should assume it could recall individuals from the furlough if necessary and except from the furlough only those positions involved in "immediate health or life and safety," which did not include the appellant's position.  *Id*. at 27 (transcript pages 87-88).  He further testified that no one specifically told him to take the appellant off the list of exempt employees, but by position, "it didn't fit in the last set of criteria we had handed to us."  *Id*. at 29 (transcript page 97).

¶12        Based on the initial decision and the analysis set forth above, we find that the administrative judge correctly determined that the agency proved by preponderant evidence that the appellant was subject to, and not excepted from, the furlough.  *See Dye*, 121 M.S.P.R. 142, ¶ 9.

¶13     The appellant also asserts that the administrative judge improperly denied his motion to compel the production of evidence, including his request to take the depositions of the Vice Chief, Naval Operations, and the Assistant Secretary of the Navy for Manpower and Reserve Affairs, that he claims would have shown why the agency determined that he did not meet the "Naval Reactors Staff" exception, and improperly prohibited him from submitting evidence from the DOD official who handled that exception, as well as evidence showing that a March 21, 2013 memorandum setting forth the exception criteria represented "the binding position of the agency." PFR File, Tab 1 at 11-14.

¶14     An administrative judge has wide discretion to exclude evidence and witnesses when it has not been shown that such evidence and testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); *see* 5 C.F.R. § 1201.41(b)(10). The Board will not reverse an administrative judge's rulings on discovery matters, including a motion to compel, absent an abuse of discretion. *Fox*, 120 M.S.P.R. 529, ¶ 42. In an order denying the appellant's motion to compel discovery, the administrative judge found that "whether the appellant should have been included on a list of excepted Naval Reactors employees is not relevant to this proceeding because the appellant was not a Naval Reactors employee." IAF, Tab 13 at 2. As set forth above, the appellant has shown no error in that determination. Thus, the appellant has shown no abuse of discretion in the denial of discovery.

¶15     The appellant contends that the deciding official failed to consider documentation he attached to his reply to the proposal notice suggesting that he met the exception to the furlough for "Naval Reactors Staff," and that the administrative judge improperly placed the burden of proving that there was "cause" for the action on him, rather than on the agency. PFR File, Tab 1 at 19-23. Given our finding that the appellant did not constitute "Naval Reactors Staff," the deciding official correctly concluded that the documentation in question was not relevant to his determination to furlough the appellant. *See* HT

at 42-43 (testimony of the deciding official that, when he received a written reply that cited documents, "if I thought they were relevant, I would have probably asked for them, but where it was very clear or there wasn't a case to be made – really, what I was looking for in the replies was if it fit into one of the categorical exceptions. That is really the latitude I had as the deciding official." "If it was relevant to that, I would have asked for it. If it wasn't, I was going to make a final decision and move on."). Moreover, the administrative judge did not improperly place the burden of proving "cause" on the appellant. Although the administrative judge's analysis of this issue does fall under a subheading that references affirmative defenses and includes a discussion of the appellants' harmful error and due process claims, the administrative judge cited and applied the correct standard in this case, i.e., that the agency bears the burden of proving the factual basis for the furlough and that the furlough promoted the efficiency of the service. ID at 14-17, 18-19, 21. In any event, to the extent that the initial decision may be unclear on this issue, we find, as set forth above, that the agency has met its burden of proof in this regard.

¶16    Finally, the appellant asserts that the agency provided on appeal to the Board documentation in support of its action, such as a document entitled "Department of the Navy Administrative Furlough Guidance for Proposing and Deciding Officials," that it did not make available to him when it proposed his furlough. PFR File, Tab 1 at 4 n.1, 25-27. An agency's proposal notice must state the specific reasons for the proposed action and inform the employee of his or her right to review the material relied on to support the reasons for the action given in the notice. 5 C.F.R. § 752.404(b)(1). Here, the agency's proposal notice informed the appellant that supporting material for the action could be found at a specified agency website. IAF, Tab 5 at 19. The appellant has not alleged that the deciding official relied upon the above document in taking the furlough action. Even assuming, however, that the appellant established a procedural error by the agency in this regard, he has not shown that any error likely caused the

agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.56(c)(3).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.